FILED IN CHAMBERS
U.S.D.C. Rome

AUG 10 2006

JAMES N. HATTEN, Clerk
By: ⟋⟍⟋⟍⟋
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

MICHAEL C. HOUGH,

      Plaintiff,

   v.

UNITED STATES OF AMERICA,

      Defendant.

CIVIL ACTION

NO. 4:05-CV-034-RLV

O R D E R

This matter is before the court on the plaintiff Michael C. Hough's motion to quash a subpoena issued by defendant United States of America to depose his expert Dr. Peter Breggin and for other sanctions [Doc. No. 49] and the government's cross-motions to compel Dr. Breggin's deposition and for sanctions related to his failure to attend a deposition [Doc. No. 51]. Additionally, the government has filed a motion to quash and objections to a Federal Rules of Civil Procedure Rule 34 subpoena duces tecum relating to the plaintiff's examination conducted by Dr. Mark Hutto [Doc. No. 57], and the plaintiff has filed a counter-motion for sanctions [Doc. No. 61].[1]

---

[1] The docket indicates that the government filed a "Motion to Quash and Objection to Rule 34 Subpoena Duces Techum [sic]" on July 6, 2006 [Doc. No. 55]. On the same day, the government re-filed the same motion [Doc. No. 57]. The court viewed Doc. No. 55 as having been filed in error. Therefore, the court directs the Clerk of the Court to terminate Doc. No. 55.

## I. Plaintiff's Motion to Quash the
## Subpoena Issued to Dr. Breggin
## and Motion for Sanctions;
## the United States's Cross-
## Motion to Compel and Motion for Sanctions

As a preliminary matter, the court must state that the matters currently before this court should have and could have been resolved in a more professional and amicable manner without court intervention. With that said, the court must now determine whether the plaintiff's motion to quash the subpoena issued by the government to one of the plaintiff's experts, Dr. Breggin, should be granted. The plaintiff argues, "This subpoena should be quashed because there are serious questions about the location of Dr. Breggin's original file." The plaintiff alleges that Dr. Breggin has been unable to locate either his original file or several components of his original file after his initial deposition. In his motion to quash and the accompanying exhibits, counsel for the plaintiff, alleges that counsel for the government either intentionally or inadvertently retained the expert's original file and did not provide the complete and original file to Dr. Breggin prior to the continuation of his deposition. Additionally, counsel for the plaintiff alleges that government counsel removed or retained several of the components of the expert's original file.

In his motion to quash, the plaintiff goes into long and tortured detail about whom he spoke to regarding the whereabouts of his expert's original file. Additionally, counsel for the

2

plaintiff details with copious exhibits the government's response to his inquiries.   Finally, Dr. Breggin himself also alleges that the government removed a number of items from his original case file.[2]   The plaintiff ends his motion to quash requesting that the court "issue an appropriate sanction against Defendant, by which its entire cross-examination of Dr. Breggin be stricken and not considered by this Court, and by which Defendant not be allowed to call its own expert witness to contradict Dr. Breggin's opinion."

In a response spanning 25 pages with 11 footnotes, the government argues that the court should

> compel Dr. Breggin to appear for deposition, this time by a date certain, and for sanctions against Dr. Breggin and plaintiff's counsel, Michael Warshauer, for their disregard of the Court's January 23, 2006 order directing Dr. Breggin to appear for deposition, and the United States April 3, 2006 subpoena (only issued after two months of trying to work with Mr. Warshauer to schedule the deposition); as well as for the expense charged to the United States because of Mr. Warshauer's last minute cancellation of Dr. Breggin's deposition.

Also, government counsel goes through a day-by-day account in which she attempts to explain where Dr. Breggin's original file was or

---

[2]Specifically, Dr. Breggin accuses counsel for the government of removing the following items: 1) "several pages of my handwritten original notes on yellow legal paper"; (2) "a complete file of all my printed notes with their handwritten additions on them"; (3) "the group of scientific articles that provided in part the basis of my opinion"; (4) "a video of the plaintiff"; (5) "a CD with the entire VA records through 2002-2003"; (6) "all of my medical records after 2003"; and (7) "my package of research publications."   In its response, the government argues that the plaintiff or his expert should be in possession of all of these materials.

why she could not produce it to the plaintiff at a particular time. Government counsel states that on April 3, 2006, she issued the subpoena requiring Dr. Breggin to attend a deposition on April 19, 2006, because she realized that "Mr. Warshauer was not going to cooperate with the scheduling of Dr. Breggin's deposition."

In response to the plaintiff's request that Dr. Breggin's deposition be stricken due to the government's failure to return all of Dr. Breggin's original files, the government argues, "Mr. Warshauer's request that the Court strike Dr. Breggin's entire deposition is specious and the United States respectfully requests the Court to deny it."  Moreover, the government responds with its own cross-motion for sanctions against Dr. Breggin and Mr. Warshauer for their alleged violation of this court's January 23, 2006, order and its April 3, 2006, subpoena.  The government argues that the plaintiff's filing of a motion to quash did not excuse Dr. Breggin's obligation to appear for a deposition.  Citing to Rule 37(b)(2), the government argues that there are several different sanctions for a party who "fails to obey an order to provide or permit discovery."  Furthermore, the government argues that "the rule further provides that in lieu of the foregoing, or in addition, 'the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially

justified or that other circumstances make an award of expenses unjust.'" The government argues that Mr. Warshauer cannot show substantial justification because the items that Dr. Breggin claimed that were missing are in Dr. Breggin's possession, custody, or control. In lieu of monetary sanctions, the government requests that sanctions in the form of additional time to take Dr. Breggin's deposition be imposed. Additionally, the government requests that plaintiff's counsel reimburse the government for the "$75.00 appearance fee charge and reasonable attorney's fees."

While the parties have spent a great deal of time, effort, resources, and paper battling over a quite simple matter, the court will not similarly belabor the parties' motions. The parties spent a great deal of effort describing how or why Dr. Breggin's original file was missing. However, the court will not rehash those details in this order. In reviewing the government's response, the court interprets the government's position to be that Dr. Breggin's original file was missing due to "the court reporter's misunderstanding" and that the government attempted to correct the situation as soon as it became aware that the file in question was in its possession, while counsel for the plaintiff accuses the government of either incompetently, inadvertently, or intentionally, retaining or removing portions of their expert's file. Having examined the parties' motions, the court concludes that if the government or its counsel is now in possession, either

though incompetence, inadvertence, or due to an intentional attempt to retain certain information or materials contained in Dr. Breggin's original file, or for any other reason whatsoever, the government is directed to return any and all of Dr. Breggin's documents or materials to the plaintiff's counsel or Dr. Breggin, if it has not already done so.  If the government fails to produce all of the contents of Dr. Breggin's original file within 30 days of the date this order is docketed, the court will revisit this issue upon an appropriate motion by the plaintiff.

The court notes that the government obtained the subpoena on April 3, 2006, and attempted to enforce the subpoena when it knew there was a substantial dispute concerning whether all of Dr. Breggin's materials contained in his original file had been returned.  The plaintiff argues that Dr. Breggin was not prepared to testify without certain components of his original file.  The court takes the assertions of plaintiff's counsel at face value and concludes that Dr. Breggin would not have been prepared to testify if he lacked certain components of his file.[3]  Furthermore, the plaintiff filed a timely motion to quash the subpoena.  The combination of these facts provides the plaintiff with substantial justification for not attending the April 19, 2003, deposition. Therefore, the plaintiff's motion to quash the government's April

---

[3]Pursuant to Rule 45(c)(3)(A)(i), the court issuing a subpoena shall quash or modify the subpoena if the subpoena fails to allow reasonable time for compliance.

3, 2006, subpoena is GRANTED in part [Doc. No. 49].   However, to the extent that the plaintiff's motion to quash seeks sanctions of any variety, that portion of the plaintiff's motion to quash is DENIED [Doc. No. 49].[4]

Now the court must examine whether the government's motion to compel the future deposition of Dr. Breggin should be granted. Having reviewed the parties' pleadings, the court finds that it would be beneficial for Dr. Breggin to provide further testimony. In fact in its January 23, 2006, order, the court stated, "The defendant will be permitted to depose the plaintiff's expert, Dr. Peter Breggin, for an additional 90 minutes."

Additionally, the court can find no reason to deny the government's motion to compel Dr. Breggin's deposition for an additional 90 minutes, i.e., for a total of three hours. Therefore, to the extent that the government's motion to compel seeks to depose Dr. Breggin for an additional 90 minutes, the court GRANTS that portion of the government's motion to compel as well [Doc. No. 51].   The continuation of the deposition of Dr. Breggin shall take place within 30 days of the date this order is docketed

---

[4] In his motion to quash, the plaintiff requested that the court "issue an appropriate sanction against Defendant, by which its entire cross-examination of Dr. Breggin be stricken and not considered by this Court, and by which Defendant not be allowed to call its own expert witness to contradict Dr. Breggin's opinions." The court considered these sanctions and finds these sanctions to be inappropriate under the facts of this case.

and shall last for no longer than 180 minutes [Doc. No. 51].[5]

Finally, the court must examine whether the plaintiff should be sanctioned for failing to attend the deposition or for his failure to allow Dr. Breggin to be deposed.  In its cross motion to compel and for sanctions, the government demands that Mr. Warshauer be ordered to reimburse the government for the $75.00 appearance fee charge and reasonable attorney's fees and that Dr. Breggin be ordered to appear for a deposition for a period of up to three hours by a specific deadline.  However as stated above, the court has granted the plaintiff's motion to quash the April 3, 2006, subpoena.  Therefore, since sanctions of any variety for the failure of Dr. Breggin to attend the previously scheduled deposition are not appropriate, the government's request for sanctions is DENIED [Doc. No. 51].

### II. The United States's Motion to Quash and Objections to Rule 34 Subpoena Duces Tecum and the Plaintiff's Counter-Motion for Sanctions

Next, the court must examine whether it should grant the government's motion to quash the plaintiff's subpoena duces tecum dated June 1, 2006.  The government's current motion to quash and the plaintiff's counter-motion for sanctions center on a physical

---

[5] In deciding to allow the government to depose Dr. Breggin for a total of three hours, the court instructs the parties that they should not interpret this as a sanction of any variety.  Instead, the court finds that a continuation of Dr. Breggin's deposition for a total of three hours will aid in the resolution of the outstanding issues in this case.

examination of the plaintiff conducted by Dr. Hutto [Doc. Nos. 57 and 61].

The following facts are gleaned from the court's review of the parties' submissions.  The government retained Dr. Hutto to serve as a consultant in this lawsuit.  When the government asked Dr. Hutto about the plaintiff's condition, Dr. Hutto indicated that he would need to examine the plaintiff in person in order to provide a complete assessment of the plaintiff's condition.  As a result, the government requested that plaintiff's counsel produce the plaintiff for examination by Dr. Hutto.

On November 1, 2005, the government made its request to plaintiff's counsel to produce the plaintiff for a physical medical examination conducted by Dr. Hutto.  However, the plaintiff refused to do so.  On January 23, 2006, the court held, "The defendant's request for an independent medical examination of the plaintiff is granted."  On February 17, 2006, Dr. Hutto examined the plaintiff. On June 1, 2006, the plaintiff served the government with a request for production of documents, seeking all documents that Dr. Hutto had in his possession regarding the plaintiff.

In its motion to quash the plaintiff's subpoena duces tecum, the government argues that the subpoena is untimely and that the documents sought are protected from discovery.  Specifically, the government argues that the discovery in this case closed on November 18, 2005, and that the plaintiff's discovery requests were

not served in a timely manner.[6]  Additionally, the government, citing Rule 26(b)(4)(B), argues that a party may not obtain discovery regarding a non-testifying expert except as provided in Rule 35(a), which requires a physician who conducted a Rule 35 examination to produce a report concerning his findings to counsel for the examined party.

In his response to the government's motion to quash and counter-motion for sanctions, the plaintiff states that the government "not only failed to advise Plaintiff that Dr. Hutto was Defendant's expert witness, Defendant also affirmatively induced Plaintiff and the Court to believe that Dr. Hutto was 'independent.'"  The plaintiff argues that if the government had revealed that Dr. Hutto was a paid consultant then he would have objected more strongly to having the plaintiff being examined by Dr. Hutto.  The plaintiff argues:

> The Defendant was untruthful to Plaintiff and to this Court in filing a motion to allow a "Independent Medical Examination" by "an independent phychiatrist, Dr. Mark Hutto," and in failing to advise Plaintiff and the court that Dr. Hutto was already Defendant's retained expert.

Additionally, the plaintiff argues:

> Defendant is now playing games with the process, first, Defendant tells Plaintiff and the Court that Dr. Hutto is "independent."  Then, when the truth is discovered that Dr. Hutto was not independent, Defendant says the Rule does not require that he be independent.  This is simply dishonest.

---

[6]  In its motion, the government mistakenly stated that discovery ended November 18, 2006.

As a sanction for the government's actions, the plaintiff demands that "the Court should sanction Defendant by prohibiting it from obtaining any other testifying expert in this case." Additionally, the plaintiff states, "[E]ven though Dr. Hutto should be struck as a witness, his file should nevertheless be produced in response to the subpoena duces tecum served on him on June 1, 2006."

In response, the government argues that the plaintiff's position is contrary to the plain language of Rule 35. Specifically, the government argues that a doctor who conducts a Rule 35 exam can be a consultant or an expert retained by a party. Second, the government argues that Rule 26 contemplates that a party's non-testifying consultant may conduct a Rule 35(a) exam. Third, the government states that the requirement that a Rule 35 examining physician be completely unconnected to either party has been considered and rejected. Fourth, the government argues that the case law has consistently held that a party's retained expert can conduct a Rule 35 "independent medical examination." Finally, the government argues that as a practical matter Rule 35 is the only means by which a defendant's rebuttal expert can examine the plaintiff.

While the government's arguments are persuasive in a vacuum, the court must address the facts of this particular case. In open court, counsel for the government stated that it wished to conduct

an "independent medical examination" of the plaintiff.  In fact in this court's January 23, 2006, order, the court stated clearly that the government would be allowed to conduct an "independent medical examination" of the plaintiff.  It was the court's intention in drafting the January 23, 2006, order that the plaintiff would be examined by an "independent" medical professional.  The court was also under the impression that all of the parties understood the meaning of the word "independent."

Now, the court must decide what sanctions, if any, to impose on the government for its actions.  After much careful deliberation, the court concludes that Dr. Hutto should not be stricken as a witness in this matter.  At trial, the court will evaluate Dr. Hutto's testimony as if Dr. Hutto were an expert witness for the government.  The plaintiff is free to depose Dr. Hutto, if he has not already done so, and produce his own expert to counter Dr. Hutto's testimony.

Therefore to the extent that the plaintiff's motion for sanctions seeks to strike Dr. Hutto as an expert, the plaintiff's motion is DENIED [Doc. No. 61].  Additionally, to the extent that that motion seeks to exclude the government from presenting any other experts, the court DENIES this portion of the plaintiff's motion for sanctions because in the court's judgment such a sanction is not appropriate [Doc. No. 61].

However, the government's motion to quash the plaintiff's

12

subpoena duces tecum is DENIED [Doc. No. 57].  The government is
directed to produce the materials requested by the plaintiff within
30 days of the day this order is docketed.

### III. Conclusion

For the above reasons, the plaintiff's motion to quash the
subpoena issued by the government to Dr. Breggin for a deposition
that was scheduled to take place on April 19, 2006, is GRANTED in
part [Doc. No. 49].  However, to the extent that the plaintiff's
motion to quash also seeks sanctions of any variety, that portion
of the plaintiff's motion to quash and for sanctions is DENIED
[Doc. No. 49].

To the extent that the government's motion to compel seeks to
depose Dr. Breggin, that portion of the government's motion is
GRANTED in part [Doc. No. 51].  The plaintiff is directed to
produce Dr. Breggin for a 180-minute deposition no later than 30
days from the date this order is docketed.  However, to the extent
that the government's motion seeks sanctions, the government's
motion for any other sanctions contained in its motion to compel is
DENIED in part [Doc. No. 51].

The plaintiff's counter-motion for sanctions is DENIED [Doc.
No. 61].  To the extent that the plaintiff seeks to strike Dr.
Hutto as an expert witness, the court DENIES that portion of the
plaintiff's counter-motion for sanctions [Doc. No. 61].
Additionally, to the extent that the plaintiff seeks to exclude all

13

of the government's experts from testifying, that portion of the plaintiff's counter-motion for sanctions is DENIED as well.

Lastly, the court DENIES the government's motion to quash the subpoena duces tecum [Doc. No. 57].  The government is directed to produce the materials requested by the plaintiff within 30 days of the date this order is docketed.

Discovery is extended for an additional 60 days for the purpose of allowing the parties to comply with the directives contained in this order.

SO ORDERED, this 10th day of August, 2006.


_____
ROBERT L. VINING, JR.
Senior United States District Judge

14