FILED IN CHAMBERS
U.S.D.C. Rome

DEC 1 9 2006

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

MICHAEL C. HOUGH,

      Plaintiff,

   v.

UNITED STATES OF AMERICA,

      Defendant.

CIVIL ACTION

NO. 4:05-CV-034-RLV

O R D E R

This is an action against the United States brought under the Federal Tort Claims Act ("FTCA"), in which the plaintiff claims that his neurological disorder is a result of psychiatric medications that the defendant prescribed for the plaintiff over approximately a twenty year period. The plaintiff's medical malpractice claim arises out of treatment rendered to him by the Department of Veteran's Affairs ("VA"). Pending before the court is the defendant's motion for summary judgment [Doc. No. 72-1]. For the reasons set forth below, the court DENIES the defendant's motion.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322

(1986).  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of his or her on which he or she bears the ultimate burden of proof.  Id. at 322-23.  Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324.  Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Id. at 322.

At issue in this case is when the plaintiff's cause of action accrued.  Over the period of time that the plaintiff received treatment from the VA he had also been prescribed a combination of psychiatric drugs, Thorazine and Haldol, which apparently caused serious side effects, i.e., involuntary movements of the plaintiff's face and body, diagnosed as Tardive dyskenesia ("TD"). Under the FTCA, an action must be presented to the appropriate federal agency within two years after its accrual in order for a court to have subject matter jurisdiction.  28 U.S.C. § 2401(b). Because the plaintiff presented his claim to the VA on December 2, 2002, this court will not have jurisdiction if the claim accrued

2

more than two years prior, that is before December 2, 2000. In a medical malpractice claim such as this, an action accrues "[o]nce the plaintiff discovers that her injury is probably attributable to some act of those who treated her." <u>Price v. United States</u>, 775 F.2d 1491, 1493 (11th Cir. 1985). Thus, because the VA began treating the plaintiff as early as 1982, well over two years before he presented his claim, the central dispute in this case is when the plaintiff knew, or should have known, that his involuntary movements were probably caused by his prescription medication. If it is determined that this action accrued before December 2, 2000, this action is barred.

The defendant asserts that the plaintiff's medical records conclusively show that the plaintiff knew, or at least should have known, the cause of his involuntary movements long before 2000. This argument is based on an emergency room record signed by the plaintiff in 1983 and the treating physician's notes made in the plaintiff's records during two medical visits in 1990 and 1999. The emergency room record is from an incident in 1983 in which the plaintiff signed a record of treatment that diagnosed the plaintiff with "depressive disorder, mild Tardive dyskenesia, and extrapyramidal rxn to Thorazine." [United States' Mot. for Summ. J., Ex. E.] The physician's notes in a hospitalization record from 1990 indicate that the plaintiff complained of a history of TD, and his psychiatrist's notes in 1999 indicate that the plaintiff was informed of the risks of TD caused by Thorazine. In response, the

plaintiff argues that his deposition testimony, in which he stated that he first became aware of the link between his medication and TD only on June 5, 2002, contradicts the implications of his prior medical records and clearly shows that he did not become aware of the probable cause of his TD until 2002, less than two years before he filed this suit.

Although the plaintiff's deposition is arguably self-serving because it essentially creates an issue of material fact by simply disputing the events represented in the medical records, it does nevertheless show that there is an issue of material fact. Whereas the medical records may tend to show that the plaintiff at least should have been aware of the cause of his TD, his testimony directly contradicts that fact by stating that he first learned of TD and its link with Thorazine and Haldol on June 5, 2002. [Pl.'s Mem. In Opp. To Def.'s Mot. For Summ. J., Ex. A (Hough dep.).] Consequently, this court concludes that there is a genuine issue for trial.

To the extent that this court would need to evaluate the evidence in order to render summary judgment, much of this court's determination would have to weigh the evidence and consider the plaintiff's credibility as well as the credibility of the medical records and other evidence. However, such a credibility determination would be improper at this stage of the proceedings. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000). Rendering summary judgment without the advantage of

4

considering both the probative value and the credibility of the evidence in this case would not be appropriate.

Therefore, the defendant's motion for summary judgment is DENIED.

SO ORDERED, this 19th day of December, 2006.

ROBERT L. VINING, JR.
Senior United States District Judge